FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2008 MAR 20 PM 3: 10
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JOSEPH WAYNE FREEMAN,

    Plaintiff,

v.

WAYNE BENNETT, Sheriff; JASON
LYNEMAN, Deputy Sheriff, and the
GLYNN COUNTY SHERIFF'S
DEPARTMENT,

    Defendants.

CIVIL ACTION NO.: CV208-017

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at the Glynn County Detention Center in Brunswick, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

AO 72A
(Rev. 8/82)

claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff contends Defendant Lyneman, a deputy with the Glynn County Sheriff's Department, trespassed onto his property and searched his property without a warrant or his permission. Plaintiff has named Wayne Bennett, the Glynn County Sheriff, and the Glynn County Sheriff's Department as Defendants in his Complaint.

In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor and Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. A "causal

connection" may be established when the supervisor is well aware of a "history of widespread abuse" and fails to correct the alleged violations. Id. Constitutional "deprivations that constitute widespread abuse sufficient to notify the supervis[or] must be obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences." Id. Having actual notice of the alleged unconstitutional practices combined with a refusal to investigate or respond comprises such a causal connection. It appears that Plaintiff attempts to hold Defendant Bennett liable based solely on his supervisory position as the Sheriff of Glynn County. Accordingly, Plaintiff's claims against Defendant Bennett should be dismissed.

While local governments qualify as "persons" to whom section 1983 applies, Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663, 98 S. Ct. 2018, 2022, 56 L. Ed. 2d 611 (1978); Parker v. Williams, 862 F.2d 1471, 1477 (11th Cir. 1989), a sheriff's department, as a mere arm of such governments, is not generally considered a legal entity subject to suit. See Grech v. Clayton County, Ga., 335 F.3d 1326, 1343 (11th Cir. 2003). Accordingly, Plaintiff cannot state a claim against the Glynn County Sheriff's Department, as the Glynn County Sheriff's Department is merely a vehicle through which the county governs and is not a proper party defendant. See Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984). Plaintiff's claims against the Glynn County Sheriff's Department should be dismissed.

Plaintiff's cognizable claims are addressed in an Order of even date.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims against Defendants Bennett and the Glynn County Sheriff's Department be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 20th day of March, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE